UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MISAEL LERIN,                                        Case No.

                     Plaintiff,

       -vs.-
                                                            **COMPLAINT**

JORDYN CORP. d/b/a BROOKLYN
BURGERS & BEER, ARIEL SOLOMOV
and SHERRY SOLOMOV,

                  Defendants.
----------------------------------------------------------X

Plaintiff, MISAEL LERIN, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:

## *THE PARTIES*

1.    Plaintiff, MISAEL LERIN, (hereinafter "Mr. Lerin" or "Plaintiff") is an individual residing in Queens, NY.

2.    Upon information and belief, Defendant JORDYN CORP. d/b/a BROOKLYN BURGERS & BEER, (hereinafter "Burgers & Beer") was and is a domestic business corporation whose principal place of business is located at 259 5th Avenue, Brooklyn, NY 11215.

3.    Upon information and belief, Defendant ARIEL SOLOMOV, (hereinafter "Ariel") is an individual, whose actual place of business is located at 259 5th Avenue, Brooklyn, NY 11215.

4.      Upon information and belief, at all times herein pertinent, Defendant Ariel, served as a principal, officer and/or manager of Defendant Burgers & Beer.

5.      Defendant Ariel is listed as a "Principal" of Burgers & Beer with the New York State Liquor Authority.

6.      Upon information and belief, Defendant SHERRY SOLOMOV, (hereinafter "Sherry") is an individual, whose actual place of business is located at 259 5th Avenue, Brooklyn, NY 11215.

7.      Upon information and belief, at all times herein pertinent, Defendant Sherry, served as a principal, officer and/or manager of Defendants Burgers & Beer.

8.      Defendant Sherry is listed as a "Principal" of Burgers & Beer with the New York State Liquor Authority.

9.      Upon information and belief, for the calendar year 2013 the gross receipts of Burgers & Beer were not less than $500,000.00.

10.      Upon information and belief, for the calendar year 2014 the gross receipts of Burgers & Beer were not less than $500,000.00.

11.      Upon information and belief, for the calendar year 2015 the gross receipts of Burgers & Beer were not less than $500,000.00.

2

12.     Upon information and belief, for the calendar year 2016 the gross receipts of Burgers & Beer will not be less than $500,000.00.

### *JURISDICTION AND VENUE*

13.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

14.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

### *FACTUAL ALLEGATIONS*

15.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

16.     At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce including, but not limited to, knives, mops, brooms, cleaning supplies, and cooking supplies.

17.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

18.     Burgers & Beer operates as a restaurant.

19.     Mr. Lerin was employed by the Defendants from on or about April 15, 2015 until on or about May 22, 2016.

20.     Mr. Lerin was assigned various duties including, but not limited to, washing dishes, cleaning floors, cooking and preparing food.

21.     From the beginning of his employment until on or about May 15, 2015 Mr. Lerin worked the following weekly schedule: Tuesdays through Sundays, inclusive, from 4:00PM until 12:00AM

22.     From May 16, 2015 until on or about October 31, 2015 Mr. Lerin worked the following weekly schedule: Tuesdays 9:00AM until 12:00AM, Wednesdays and Thursdays 4:00PM until 12:00AM, Fridays 3:00PM until 2:00AM, Saturdays 1:00PM until 2:00AM, and Sundays 12:00PM until 1:00AM.

23.     From November 1, 2015 until May 22, 2016 Mr. Lerin worked the following weekly schedule: Tuesdays 9:00AM until 12:00AM, Wednesdays and Thursdays 9:00AM until 4:00PM, Fridays 6:00PM until 2:00AM, Saturdays 3:00PM until 2:00AM, and Sundays 3:00PM until 1:00AM.

24.     From the beginning of his employment until on or about May 15, 2015, Mr. Lerin was paid an hourly rate of $10.00 per work hour for all hours worked.

25.     From on or about May 16, 2015 until his termination, Mr. Lerin was paid an hourly rate of $12.00 per work hour for all hours worked.

26.     The Defendants originally paid Mr. Lerin with a mix of cash and check.

27.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times his regular rate of pay for those hours.

28.     Defendants failed to pay Plaintiff spread of hours pay.

29.     Upon information and belief, Defendants Ariel and Sherry had the power to hire employees at Burgers & Beer.

30.     Upon information and belief, Defendants Ariel and Sherry hired Plaintiff on or about April 15, 2015.

31.     Upon information and belief, Defendants Ariel and Sherry had the power to fire employees at Burgers & Beer.

32.     Upon information and belief, Defendant Sherry fired Plaintiff on or about May 22, 2016.

33.     Defendants Ariel and Sherry controlled the terms of the Plaintiff's employment in that they would tell him what tasks to complete and on what time frame they needed to be completed.

34.     Upon information and belief, Defendants Ariel and Sherry controlled the work schedule of all of the employees of Burgers & Beer, including the Plaintiff's work schedule.

35.     Upon information and belief, Defendants Ariel and Sherry controlled the rates and methods of payment of each of the employees of Burgers & Beer, including the Plaintiff's pay rate and methods of pay.

36.     At all times herein pertinent, the Plaintiff performed his duties for the Defendant Burgers & Beer, at the direction and under the control of Defendants Ariel and Sherry.

37.     Upon information and belief, and at all times herein pertinent, Defendants Ariel and Sherry exercised close control over the managerial operations of Burgers & Beer, including the policies and practices concerning employees.

38.     At all times herein pertinent, Defendants Ariel and Sherry controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Burgers & Beer in general, and with respect to the Plaintiff in particular.

39.     At all times herein pertinent, Defendants Ariel and Sherry acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

40.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages he earned.

41.     Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages he earned but upon information and belief, have not maintained them as required by law.

42.     Defendant failed to furnish Plaintiff with proper annual wage notices, as required by the NYLL.

43.     Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

44.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

45.     Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty  (40) in a given workweek.

46.     Defendants failed to pay Plaintiff the overtime wages to which the Plaintiff is entitled under the FLSA.

47.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

48.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

49.     Defendants have failed to pay Plaintiff the overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked above forty in a given work week, to which the Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

50.     The Defendants herein knowingly and in bad faith violated  Articles 6 & 19 of the New York State Labor Law and supporting New York State Department of Labor regulations by failing to pay the Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

### AS AND FOR A THIRD CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY SPREAD OF HOURS)

51.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

52.     The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and  the accompanying New York State Department of Labor regulations, by failing to pay the Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

53.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February

9

first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

55.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS)*

56.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

57.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift,

day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

58.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

a)  awarding back pay for overtime pay due and owing to the Plaintiff;

b)  awarding back pay for spread of hours pay due and owing to the Plaintiff;

c)  Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

d)  awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

e)  awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f)  awarding any other relief this Court deems just, proper and equitable.

Dated:  New York, New York
            June 16, 2016

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar (AK0822)
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
AKumar@Cafaroesq.com
Our File No.: 52897

To:

JORDYN CORP. d/b/a BROOKLYN BURGERS & BEER
259 5th Avenue
Brooklyn, NY 11215

ARIEL SOLOMOV
259 5th Avenue
Brooklyn, NY 11215

SHERRY SOLOMOV
259 5th Avenue
Brooklyn, NY 11215

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MISAEL LERIN,                                          Case No.

                        Plaintiff,

        -vs.-

JORDYN CORP. d/b/a BROOKLYN
BURGERS & BEER, ARIEL SOLOMOV
and SHERRY SOLOMOV,

                      Defendants.
--------------------------------------------------------X

---

## COMPLAINT

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52897